FILED'09 MAR 25 15:07USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

GENARO ZARAGOZA-INFANTE,

        Defendant.

CR No. 07-60087-PA
CV No. 08-70034-PA

**ORDER**

**PANNER, J.**

Defendant Genaro Zaragoza-Infante moves for relief under 28 U.S.C. § 2255. I deny the motion.

### STANDARDS

A prisoner in custody under a federal sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. When there has been a "denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral

PAGE 1 - ORDER

attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

## DISCUSSION

### I. Background

Defendant pleaded guilty to conspiracy to manufacture 1,000 or more marijuana plants.

At sentencing, defendant's attorney raised mitigating facts, including defendant's long employment history and support from the community, his brief participation in the marijuana grow, and his failure to benefit from the grow. Defendant's attorney successfully argued that defendant was eligible for safety valve relief, so defendant was not subject to the otherwise applicable 120-month minimum sentence sought by the government.

Defendant's attorney did not argue for a downward departure based on defendant's status as a deportable alien. The presentence report did indicate that defendant was deportable.

In August 2008, I sentenced defendant to 78 months' imprisonment. I chose the mid-point of the applicable sentencing range.

### II. Discussion

Defendant contends that he received ineffective

assistance of counsel at sentencing because his attorney did not argue that defendant's status as a deportable alien was a significant mitigating factor the court should have considered. To establish ineffective assistance of counsel, a defendant must show that his lawyer's performance fell below an objective standard of reasonableness, and that the lawyer's incompetence prejudiced him. Strickland v. Washington, 466 U.S. 668, 686-87 (1984).

Defendant has failed to show that his lawyer's performance was incompetent. Defendant's lawyer thoroughly researched defendant's background. He successfully sought safety valve relief and presented mitigating factors. Under these circumstances, it was within the range of reasonable professional assistance not to argue for departure based on defendant's immigration status.

Defendant also has not shown that his lawyer's performance prejudiced him. The district court does have "discretion to depart downward because deportable aliens may be unable to take advantage of the up to six months of home confinement authorized by 18 U.S.C. § 3624(c)." United States v. Davoudi, 172 F.3d 1130, 1133-34 (9th Cir. 1999) (citing United States v. Charry Cubillos, 91 F.3d 1342, 1344 (9th Cir. 1996)). However, such departures are rarely justified. See id. It is unlikely that defendant's attorney could have shown

PAGE 3 - ORDER

that defendant's circumstances as a deportable alien were so unusual as to take this case out of the "heartland" of the Guidelines. I conclude that the attorney's failure to raise deportability at sentencing was not ineffective assistance of counsel.

## CONCLUSION

Defendant's motion for reduction of sentence (#113) is denied.

IT IS SO ORDERED.

DATED this 25 day of March, 2009.

                                      OWEN M. PANNER
                                United States District Judge